**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN HICKS, | ) | CASE NO. 5:08 CV 1579 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| CITY OF BARBERTON, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On June 30, 2008, *pro se* plaintiff Kevin Hicks filed this action under 42 U.S.C. § 1983, 18 U.S.C. §§ 241, 242, 1017, 2235, 2234, 1921 1923, 1506, 1509, 505, 506, 1201, and 4, as well as Ohio Revised Code §§ 2905.03, 2921.12, 2939.13, 2921.45, and 2921.52, against the City of Barberton, the Barberton Police Department, Barberton Municipal Court Judge Michael L. Weigand, Barberton City Prosecutor Gary Radanof, Barberton Police Officer Martin Eberhart, Barberton Detective Matthew Hudak, Barberton Police Chief Michael Kallai, Barberton Police Department Liason Officer Lieutenant Ray Todd, the Summit County Prosecutor's Office, Summit County Prosecutor Sherry Bevans Walsh, Summit County Assistant Prosecutor Beth Aronson, Summit County Assistant Prosecutor Colleen Sims, Summit County Assistant Prosecutor Kevin Mayer, Summit County Assistant Prosecutor Daniel Sallerson, Summit County Assistant Prosecutor Phillip Bogdanoff, the Summit County Adult Probation Officer Tiffany Foxworth Smith, Summit

County Court of Common Pleas Judge James E. Murphy, Summit County Court of Common Pleas Judge Paul Gallagher, and Attorney Walter Madison. In the complaint, plaintiff asserts multiple causes of action associated with his arrest and prosecution on drug charges and a traffic offense.  He seeks monetary damages.

## Background

Mr. Hicks and another gentleman were arrested by Barberton Police Officers Eberhart and Hudak on June 30, 2006. The circumstances of the arrest are not clearly set forth in the pleading; however, it appears that the arrest resulted from a traffic stop. Mr. Hicks was charged in Barberton Municipal Court with driving with expired plates and trafficking in marijuana. Both of these charges were dismissed by Barberton Municipal Court Judge Michael L. Weigand when Mr. Hicks was indicted in the Summit County Court of Common Pleas on charges of trafficking in marijuana, possession of marijuana, illegal use or possession of drug paraphernalia, and improper registration on July 13, 2006. That case, no. 2006-07-2407B, was assigned to the docket of Summit County Common Pleas Court Judge James E. Murphy.

The case proceeded to a jury trial on November 2, 2006. At the close of the State's case on November 3, 2006, Mr. Hicks, through his attorney Walter Madison, moved for acquittal pursuant to Ohio Criminal Rule 29(A). The court granted the motion as to count three on the charge of  illegal use or possession of drug paraphernalia and denied the motion as to all other counts. The remaining charges were submitted to the jury, which returned a verdict of guilty on the charge of possession of marijuana on November 3, 2006. The journal entry also indicates that a guilty verdict was returned on the charge of improper registration. The jury could not agree on a verdict on count one,

2

trafficking in marijuana, for which the court declared a mistrial. Mr. Hicks was sentenced on November 14, 2006 to thirty days incarceration in the Summit County Jail. The sentence was suspended and Mr. Hicks was placed on one year of probation.

Mr. Hicks was re-tried on the charge of trafficking in marijuana in May 2007. The one day jury trial commenced on May 24, 2007. The following day, the jury returned a verdict of "not guilty." As there were no other pending charges against Mr. Hicks at that time, he was released on probation.

In February 2008, Mr. Hicks was charged with violating the terms of his of his probation. He initially entered a plea of "not guilty" to the violation on February 13, 2008. He altered his plea to "guilty" on May 19, 2008 and was sentenced to a term of community control to be served in Oriana House. His community control sanction will terminate upon successful completion of that program.

Mr. Hicks has now filed this action asserting numerous challenges to his arrest, prosecution and conviction. He claims that Officer Eberhart and Detective Hudak "fabricated a traffic ticket, arrest warrant, police reports, physical evidence as well as numerous other documents associated with bringing criminal charges upon a citizen." (Compl. at 6.) He contends that the officers committed perjury. He indicates that Officer Eberhart testified that he observed a vehicle parked in a fire lane. Mr. Hicks disputes that he was in a fire lane. He further indicates that the Officer testified on one occasion that he turned around immediately after noticing the illegally parked car. On another occasion, he testified that he drove approximately 400 yards before turning around to investigate the vehicle. Mr. Hicks claims that Officer Eberhart failed to produce evidence to corroborate his version of the traffic stop. He contends that Detective Hudak committed perjury by

3

submitting an incident report that contains false information.

In addition, Mr. Hicks asserts that the Barberton City Prosecutor Gary Radanof, Liason Officer Ray Todd, Municipal Court Judge Michael Weigand, and the City of Barberton failed to take appropriate action against Officer Eberhart and Detective Hudak. He states that these defendants all had some ability to control the officers and did not stop the criminal action at its inception. He asserts that they are liable for the officers' actions under a theory of *respondeat superior*. He further claims that Judge Weigand violated the Code of Professional Responsibility by allowing him to be bound over on felony charges, and for failing to dismiss his case outright.

Mr. Hicks asserts claims against Summit County Prosecutor Sherry Bevins-Walsh and her staff. He contends that Ms. Bevins-Walsh permitted her staff to file false criminal charges against him in 2004. He states that in 2006, she permitted false information to be presented to the grand jury to obtain his indictment. He further contends that the prosecutor's office tampered with the jury verdict forms and judgment entries. He asserts that contrary to the verdict forms and the journal entries, Judge Murphy did not find him guilty of improper registration. He claims therefore that Assistant Prosecutor Kevin Mayer allowed the Judge to pronounce sentence on this charge without correction. He claims that his attorney committed malpractice and committed practices prohibited by the Code of Professional Responsibility. He states that the judges all permitted false testimony to be heard in their court rooms and did not take action to stop the testimony and terminate the proceedings in his favor. He also alleges, "defendant Colleen Sims and defendant Beth Aronson are at the forefront of the manifest miscarriage of justice in plaintiff's criminal proceedings in Summit County Common Pleas Court and the intentional Manipulation of

4

the Courts [sic] function and designated systems to prevent such unconstitutional deprivation of due process rights in criminal proceedings of the accused." (Compl. at 17.)

Finally, Mr. Hicks asserts general allegations. He lists 26 federal legal claims which he contends he is asserting, including claims under 42 U.S.C. § 1983 for his arrest, detention and confinement, conspiracy, "refusing or neglecting to prevent," jury tampering, double jeopardy, cruel and unusual punishment, and denial of due process, and claims under 18 U.S.C. §§ 241, 242, 1017, 2235, 2234, 1921, 1923, 1506, 1509, 505, 506, 1201, and 4. He also asserts eight claims which arise, if at all, under Ohio law.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

As an initial matter, Mr. Hicks brings this action against numerous individuals and entities who are either immune from suit or who are not proper parties to this action. First, the judicial officers named as defendants are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason,

absolute immunity is overcome only when the conduct alleged is performed at a time when the defendant is not acting as a judge; or when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Mr. Hicks's claims against these Judges all stem from his belief that the criminal action against him was baseless and the charges should therefore have been dismissed. All of the actions described in the complaint took place while the respective judges were acting in their judicial capacities. Moreover, all of the courts over which these judges preside have jurisdiction to try criminal cases. Judge Gallagher, Judge Murphy, and Judge Weigand are all entitled to absolute immunity from damages.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, No. 05-2458, 2006 WL 2661092, at *6-7, slip op. (6th Cir. Sept. 18, 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore

extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). In this instance, the challenged actions of Barberton City Prosecutor Gary Radanof, the Summit County Prosecutor's Office, Summit County Prosecutor Sherry Bevins-Walsh and Summit County Assistant Prosecutors Beth Aronson, Colleen Sims, Daniel Sallerson and Phillip Bogdanoff were all intimately associated with the judicial phase of Mr. Hicks's prosecutions. The complaint contains no facts which indicate that these defendants participated in any other kind of activity. Consequently, these defendants are entitled to absolute immunity.

In addition to his claims against the City of Barberton, Mr. Hicks includes claims against the Barberton Police Department and Barberton Police Chief Michael Kallai. Police Departments are not *sui juris* and therefore cannot sue or be sued. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. *Id.* A claim against the police department is therefore a claim against the municipality.

Similarly, there are no allegations in the complaint against Police Chief Michael Kallai for which he can be held individually liable. To hold a defendant liable in his or her individual capacity, the plaintiff must allege that the defendant was personally

involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint contains no allegations suggesting that the Police Chief directly participated in the activities described in the complaint.

To the extent that the claims are asserted against Mr. Kallai in his official capacity, they are construed against the municipality he serves. An action against a state or municipal officer in his official capacity is the equivalent of a damages liability litigation targeted against the municipality for which he is employed. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Consequently, Mr. Hick's claims against the Barberton Police Department and Barberton Police Chief Kallai are redundant, because they are subsumed by his claims against the City of Barberton.

In the complaint, Mr. Hicks asserts that his claims against the City of Barberton are based on a theory of *respondeat superior*. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Barberton which may have resulted in the deprivation of a

federally protected right of the plaintiff.

The claims against Lieutenant Ray Todd are also based on a theory of *respondeat superior.* Just as it is not a proper basis for liability of a local government entity, the theory of *respondeat superior* is not a proper basis for liability of an individual employer or supervisor. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Liability of supervisors cannot be based solely on the right to control employees, *Bellamy,* 729 F.2d at 421, or "simple awareness of employees' misconduct," *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874). There are no allegations in the complaint which reasonably suggest that Lieutenant Todd participated in the activities which gave rise to this action.

Mr. Hicks next asserts a claim against his Probation Officer Tiffany Foxworth Smith. He fails, however, to identify any particular legal right he believes to have been violated by the defendant. He states that she "knowingly maintain[ed] plaintiff under her felony supervision standards for misdemeanor convictions that allegedly occurred in the Municipality of the City of Barberton." (Compl. at 17.) There is no suggestion of the legal claim he wishes to assert against this defendant. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.

9

1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal legal theory upon which plaintiff intends to base his claim against this defendant.

Mr. Hicks's claims against Officer Eberhart and Detective Hudak are not able to proceed at this time. All of the allegations against these defendants directly attack the basis for his arrest, prosecution and conviction. A person convicted of a crime may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5,

1998). Mr. Hicks raises claims which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claims against Officer Eberhart and Detective Hudak therefore must be dismissed.

Mr. Hicks also seeks relief under 18 U.S.C. §§ 241, 242, 1017, 2235, 2234, 1921 1923, 1506, 1509, 505, 506, 1201, and 4. These are all criminal statutes. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). There is no private right of action under these statutes.

Finally, Mr. Hicks asserts a number of the claims, including one against attorney Walter Madison, which arise under Ohio law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.*  Having dismissed plaintiff's federal law claims, this court declines jurisdiction to hear his state law claims.

11

### Conclusion

For all the foregoing reasons, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: September 18, 2008

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.